

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 24, 1976

The Honorable K. D. Hall
County Attorney
Refugio County
County Courthouse
Refugio, Texas 78377

Opinion No. H-903

Re: Pension plan for
employees of Refugio County
Hospital.

Dear Mr. Hall:

You advise that Refugio County elected to participate in the statewide Texas County and District Retirement System, beginning January 1, 1968, shortly after the system was established in 1967 by article 6228g, V.T.C.S. At that time, the county hospital was leased to a private agency and its employees were not then county employees. Subsequently, the county undertook the operation of the hospital (which is governed by the provisions of Texas Revised Civil Statutes, title 71, chapter 5) and all hospital personnel became county employees.

The hospital employees have asked the county commissioners court to set up a separate pension system for them independent of the Texas County and District Retirement System. The Refugio County Commissioners Court has neither formally precluded hospital employees from becoming members of the statewide system, nor passed an order separately requiring them to become members of the statewide system.

You ask:

Can the employees of a hospital owned and operated by the County of Refugio form their own pension plan, independent of the Texas County and District Retirement System. . . .

p. 3786

The Texas Constitution, article 16, section 67, empowers the Legislature to enact general laws establishing systems and programs of retirement and related death and disability benefits for public employees and officers, and it continues in effect those systems and programs which existed at the time the constitutional provision was adopted in 1975, subject to the power of the Legislature to change them.  Subsection (c) of the constitutional provision states in part:

> (c)  Local Retirement Systems
>     (1)  The legislature shall provide by
>          law for:
>
>     (A)  the creation by any city or county
>     of a system of benefits for its officers
>     and employees;
>
>     (B)  a statewide system of benefits for
>     the officers and employees of counties
>     or other political subdivisions of the
>     state in which counties or other political
>     subdivisions may voluntarily participate . . . .
>
>     . . . .
>
>     (2)  Benefits under these systems must be
>          reasonably related to participant tenure
>          and contributions.

The Texas County and District Retirement System is a statewide system in which counties may voluntarily participate -- a system which the constitutional provision continued in effect.  Attorney General Opinion H-604 (1975).  Subsection 1(c) of section 3 of article 6228g states that a subdivision which once elects to participate in the Texas County and District Retirement System may subsequently elect to discontinue enrollment of new members, but "shall never discontinue as to any members."

Subsection 2 of the same statutory section governs the participation of employees in the statewide system.  In pertinent part, it says:

The membership of the System shall be composed as follows:

(a)  All persons who are employees of a participating subdivision on the effective date of its participation in the .System shall become members of the System as of that date; provided, however, that this provision shall not apply to any of the following persons or groups of persons, to wit:

. . . .

(2) Employees of any county hospital which hospital is governed by the terms and provisions of Chapter 5, Title 71, Vernon's Texas Civil Statutes, <u>where the commissioners court of the county elects to preclude the employees of any such hospital from becoming members of the System.</u>  If employees of a county hospital are not included in the System, the commissioners court may thereafter elect to require such employees to become members of the System, and such employees shall become members of the System at the date fixed by the order for their participation; the rights and obligations of such employees and of the county as employer of such persons shall be determined as if such county hospital employees were employees of a separate subdivision.

(b) <u>Any</u> person not a member of this System, who becomes an employee for the first time of a participating subdivision after the effective date of participation of such subdivision, <u>shall become a member of the System</u>, upon the first day of the month following the date such person becomes an employee, provided he is then under the age of 60 years but any such person who is then 60 years or over shall not be eligible to become a member of this System.  (Emphasis added).

The provision referring to hospital employees in subsection 2(a)(2) of section 3 was added in 1969. The legislative history of this amendment makes it clear that the Legislature intended to permit the commissioners court to originally exclude hospital employees as a group from membership in the County and District Retirement System, but required affirmative action by the commissioners court in order to preclude such employees from membership. House Bill No. 1131 of the 61st Legislature as introduced would have excluded hospital employees from membership "unless the commissioners court of the county elects to require the employees of any such hospital to become members of the system." When the Senate considered the bill, it amended this provision with the language as it now appears in the Act, which clearly requires positive action in order to exclude hospital employees from becoming members.

It would appear from the facts given us that the hospital employees automatically became members of the statewide retirement system when they became county employees, since the county did not originally take action to exclude them, nor did it subsequently discontinue the enrollment of new members in the system. Cf. Attorney General Opinion M-520 (1969). While section 3, subsection 2(a)(2) of article 6228g allows counties to originally exclude hospital employees from participation, we do not believe that it was intended to modify the subsection 1(c) prohibition against dropping members from the system. Thus, if hospital employees have become members of the Texas County and District Retirement System, they must remain members.

In 1975, in anticipation of section 67, article 16 of the Constitution, the Legislature enacted article 6228j, V.T.C.S., authorizing a county to create (and to contribute to) a retirement, disability and death benefit system for its appointive officers and employees if the county voters approve.

The county might elect to discontinue the enrollment of new county hospital employees under subsections 1(c) and 2(a)(2) of section 3 of article 6228g, and create an article 6228j local retirement system for new employees, but it may not discontinue membership in the statewide system of the

current employees who are already members of the County and District Retirement System, even though the employees in question may desire not to participate in the system. See Attorney General Opinion M-520 (1969). Moreover, those employees who are members of the County and District Retirement System may not receive membership credit from another State or county retirement system for the same service. Tex. Const. art. 16, § 67(a)(2).

### S U M M A R Y

Employees of a county hospital have automatically become members of the Texas County and District Retirement System when they became county employees, if the county was already a participant in the System and the county commissioners court took no action to exclude hospital employees originally from participation in the System. Hospital employees who have become members of the System must remain members, and cannot receive membership credit from another State or county retirement system for the same service.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb